UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Patrick Barbaris, # 316683,<br><br>        Petitioner,<br><br>vs.<br><br>Edsel Taylor, Warden MacDougall Corr. Inst.,<br><br>        Respondent. | ) C/A No. 4:11-1114-CMC-TER<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

   An Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. (ECF No. 16). Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

   This is Petitioner's initial § 2254 action seeking review of a convictions and sentences for criminal sexual conduct with a minor and lewd act on a minor entered on a guilty plea in Dorchester County, South Carolina on July 26, 2006. According to Petitioner, he filed a post-conviction relief (PCR) application in Dorchester County on July 26, 2007. *Barbaris v. State*, Case No. 2007-CP-18-01328. That Petition was unsuccessful. The state court issued a dismissal order in the PCR case on December 9, 2009, and a petition for writ of certiorari was filed in the South Carolina Supreme Court on Petitioner's behalf by his court-appointed PCR appellate counsel on June 3, 2010. The original Petition (ECF No. 1) in this case was submitted to Petitioner's institutional mailbox on May 3, 2011. According to Petitioner's Answers to the Court's Special Interrogatories (ECF No. 12) and his answers to questions on the Amended Petition, the

petition for writ of certiorari is still pending in the South Carolina Supreme Court at the time of this writing.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Amended Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has obviously not fully exhausted his state remedies, and the fact that the petition for writ of certiorari seeking review of his PCR case has been pending in the state supreme court for slightly more than one year does not qualify as inordinate delay, which could excuse the exhaustion requirement under different circumstances. *See United States v. Johnson*, 732 F. 2d 379, 381-82 (4th Cir. 1984)*; see, e. g., Mathis v. Hood*, 851 F. 2d 612 (2d Cir. 1988) (six year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987)

(five and one half year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986) (thirty-three month delay). Petitioner's sole federal remedies for his 2006 Dorchester County convictions are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies with regard to the convictions and sentences.  *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241);  *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers.  States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*).  Such considerations should not be dispensed with lightly.

> Section 2254's exhaustion requirement provides:
>
> > (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> >
> > > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > >
> > > (B) (i) there is an absence of available State corrective process; or
> > >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> >
> > (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> >
> > (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. However, as noted above, while it appears from the allegations contained in the Amended Petition that Petitioner filed a PCR application directed to 2006 convictions in the Dorchester County courts, his petition for writ of certiorari to the state supreme court seeking review of the PCR dismissal is still pending. As a result, the grounds for habeas relief ostensibly raised in the Amended Petition filed in this case have not yet been fully considered and addressed by courts of the State of South Carolina. This failure to fully exhaust available state remedies is fatal to this case at this time.

Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws.[1] The summary dismissal of this case without service on Respondent will not prevent Petitioner from filing another § 2254 petition addressing the 2006 state convictions and sentences, if necessary, once the state supreme court concludes its review. Since it is clear from

---

[1] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002)(after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions);*see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S. E. 2d 454 (S.C. 1990)(same; rule applies in both criminal appeals and post-conviction relief cases).

the face of the pleadings in this case that Petitioner has a viable state court remedy (appellate review of PCR) which has not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies.  *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **RECOMMENDATION**

Accordingly, it is recommended that the Amended Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

July 11, 2011  
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).